18-2866-cr
*United States v. Ewart*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of November, two thousand nineteen.

PRESENT: JOSÉ A. CABRANES,
REENA RAGGI,
*Circuit Judges*,
EDWARD R. KORMAN,
*District Judge.*\*

UNITED STATES OF AMERICA

       *Appellee,*                 18-2866-cr

       v.

SCOTT MICHAEL EWART,

       *Defendant-Appellant.*

**FOR APPELLEE:**             Samuel Raymond (Daniel B. Tehrani, *on the brief*), Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney, Southern District of New York, New York, NY.

---

\* Judge Edward R. Korman, of the United States District Court for the Eastern District of New York, sitting by designation.

**FOR DEFENDANT-APPELLANT:**                    Allegra Glashausser, Federal Defenders of
                                                New York, Inc., New York, NY.

Appeal from a September 25, 2018 order of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 25, 2018 order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Scott Michael Ewart ("Ewart") appeals from a September 25, 2018 order modifying the conditions of Ewart's supervised release, adding GPS monitoring and computer and internet monitoring and restrictions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Ewart argues that the conditions of supervised release relating to GPS and electronic monitoring, as modified by the District Court, constitute an unreasonable deprivation of liberty, and that the restrictions on his internet usage are impermissibly vague. Ewart argues further that the District Court improperly delegated the implementation of the conditions of Ewart's internet usage to his mental health provider and the Probation Office.

This Court reviews challenges to conditions of supervised release for abuse of discretion. *See United States v. Dupes*, 513 F.3d 338, 342–43 (2d Cir. 2008). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, alteration, and citation omitted); *see also In re City of New York*, 607 F.3d 923, 943 n.21 (2d Cir. 2010) (explaining that "abuse of discretion" is a nonpejorative "term of art"). We review such challenges for plain error if the defendant had the opportunity to raise the challenge before the district court and failed to do so. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). Questions of law arising from the imposition of a condition of supervised release are reviewed de novo. *See United States v. Reeves*, 591 F.3d 77, 80 (2d Cir. 2010).

A district court has broad discretion to impose conditions of supervised release that "it considers to be appropriate." 18 U.S.C. § 3583(d). *See also United States v. MacMillen*, 544 F.3d 71, 74 (2d. Cir 2008) (noting that a district court "retains wide latitude in imposing conditions of supervised release"). A condition must be: "reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner" and

must "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b).

Based on the record before us, we cannot conclude that the District Court abused its discretion in its modifications of the conditions of Ewart's supervised release. As the Government notes, the troubling information unknown to the sentencing judge but revealed during Ewart's post-release treatment suggests that Ewart's original conditions of supervised release warranted reassessment. Particularly concerning are Ewart's admissions that he has previously used social media to initiate contact with dozens of minors, and that he has sexually abused at least ten children. In light of the gravity of this new information, the District Court acted within its discretion in imposing GPS and computer monitoring requirements. Ewart's physical location and internet browsing activity both relate to the need to adequately deter Ewart from committing any additional misconduct and to protect the public from potential recidivism.

Indeed, during the course of Ewart's treatment, he has said that he "agrees" with the statement that "a lot of times, sexual assaults on children are not planned… they just happen" and that he "*strongly* agrees" with the statement that "sometimes children don't say no to sexual activity because they are curious about sex or enjoy it." Supp. App'x 12-13. These disturbing admissions, as highlighted by the District Court, indicate that more rigorous conditions of supervised release are warranted here to protect children from coming into close proximity with Ewart, either physically or through his use of social media. And as discussed in *United States v. Browder*, the imposition of monitoring software as a condition of supervised release is not an abuse of discretion where, as here, such monitoring is both "reasonably related to the nature and circumstances of the offense" and "also reasonably necessary for the broad sentencing purposes indicated in U.S.S.G. § 5D1.3(b) and 18 U.S.C. § 3553(a)(2), including specific deterrence, public protection, and rehabilitation." 866 F.3d 504, 512 (2d Cir. 2017) (internal quotation marks omitted).

Ewart further argues that certain categories of websites, for which he must obtain pre-access approval, are impermissibly vague. Because Ewart raised no vagueness objection below, we review this claim only for plain error. *See United States v. Green*, 618 F.3d at 122. Based on the particular circumstances of this case, we cannot conclude that a "person of ordinary intelligence" would not understand the categories of websites requiring approval for access. *See United States v. Simmons*, 343 F.3d 72, 81 (2d Cir. 2003). Thus, they are not "impermissibly vague."

We also reject Ewart's claim that the District Court improperly delegated treatment decisions. None of the conditions imposed in the District Court's order delegate any authority to the treatment provider; they simply grant Ewart's treatment provider the ability to reasonably oversee certain restrictions. *See United States v. Degroate*, --- F.3d ----, 2019 WL 4891990, at *6 (2d Cir. Oct. 4, 2019) (explaining that district court may delegate "decisionmaking authority over certain minor details of supervised release" (internal quotation marks omitted)).

Finally, as the Government notes, Ewart failed to raise his First Amendment argument to the website restrictions before the District Court, and the challenge is now subject to plain error review. We agree with the Government that, this challenge is not ripe because Ewart has not identified any websites to which he has been denied access, and withholding of consideration now will not "cause substantial hardship to the parties" given the District Court's availability to consider in the first instance any challenges that may arise. *United States v. Balon*, 384 F.3d 38, 46 (2d Cir. 2004) (internal quotation marks omitted). In any event, we also agree with the Government that, even if Ewart's challenge were ripe for appellate review, the District Court did not plainly err by imposing the restriction under these particular circumstances. *See United States v. Johnson*, 446 F.3d 272, 281–83 (2d Cir. 2006) (affirming the imposition of an absolute ban on internet use by a defendant who had sexually abused children as reasonably related to his sentence and necessary to protect the community, and was therefore not an excessive deprivation of liberty).

Nothing in this order is intended to preclude Ewart from moving in the District Court pursuant to 18 U.S.C. § 3583(e)(2) for a modification of supervision conditions "as warranted by the circumstances generally." *See United States v. Harris*, 838 F.3d 98, 105 (2d Cir. 2016).

## CONCLUSION

We have reviewed all of the arguments raised by Ewart on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 25, 2018 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk