18-2525-cr (L)
*United States v. Brogdon*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-one.

PRESENT:  JOSÉ A. CABRANES,
SUSAN L. CARNEY,
*Circuit Judges,*
RICHARD K. EATON*,*
*Judge.**

---

UNITED STATES OF AMERICA,

*Appellee,*

v.

18-2525-cr
19-1250-cr

AIKIAM FLOYD, aka OCK, CONELL BROGDON, aka NELLZ, aka SNELZ, aka MIDGET, aka MIDGE,

*Defendants-Appellants,*

SOLOMON ARTIS, AKA LIGHT, AKA SPAZ, LEONARD BARLETTO, AKA BOOTS, COURTNEY COY, AKA STYLES, PARRIS DESUZE, AKA KETCHUP, ANDRE HOLMAN, AKA DRE, DERRICK BIENAIME, AKA MILLZ, AKA CIROC BOSS, DAVON BROWN, AKA CHICO, MALIK CAMPBELL, AKA INDI, STANLEY CHERENFANT, AKA BANGER, STEVEN CHERENFANT, AKA STEVENS CHERENFANT, AKA BEANS, BRANDON

---

* Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

GREENIDGE, AKA B3, CORY HARRIS, AKA WILLIAM HARRIS, AKA C, JAMAR HARRY, AKA BRICKS 642, JEFFREY JOSEPH, SHAWN NEWLAND, AKA HELA BANDZ, SILBERT NICHOLSON, AKA RICO, ZADEK ORGIAS, AKA Z, CORDERO PASSLEY, AKA LOONEY, GABRIEL PATTERSON, STEPHON RENE, AKA SHORTY, AKA LIL BANGER, AKEEM WATSON, AKA MONKS,

*Defendants.*

FOR APPELLEES:                                  ALLON LIFSHITZ (David C. James, Susan Corkery, *on the brief*), Assistant United States Attorneys, *for* Seth D. DuCharme, Acting United States Attorney, Eastern District of New York, Brooklyn, NY.

FOR DEFENDANTS-APPELLANTS:         MALVINA NATHANSON, New York, NY.

                                                BENJAMIN GRUENSTEIN, Rebecca J. Schindel, Andrea Thompson, Cravath, Swaine & Moore LLP, New York, NY.

Appeal from an August 14, 2018 judgment of conviction (Floyd) and a May 20, 2019 judgment of conviction (Brogdon) of the United States District Court for the Eastern District of New York (William F. Kuntz, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED** as to Defendant-Appellant Aikiam Floyd ("Floyd") and **AFFIRMED AND** the cause **REMANDED IN PART** as to Defendant-Appellant Conell Brogdon ("Brogdon").

Floyd pleaded guilty to narcotics trafficking conspiracy and was sentenced to 121 months' imprisonment, three years' supervised release, and forfeiture of $1,000,000. Brogdon pleaded guilty to racketeering conspiracy, and was principally sentenced to 210 months' imprisonment, to run concurrently with two state-court sentences he was already serving for crimes that were "relevant conduct" to his federal conviction. We treat each of their appeals in turn and assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A.

On appeal, Floyd challenges two special conditions of his supervised release: a curfew condition and a non-association condition. Floyd contends that we should review his appeal applying only relaxed plain error review, arguing that, although he did not object to the supervised release conditions at sentencing, he had insufficient opportunity to object before they were imposed.

*See United States v. Sofsky*, 287 F.3d 122, 125-26 (2d Cir. 2002) (reviewing challenge to supervised release conditions "without insisting on strict compliance with the rigorous standards of" plain error review where defendant did not object to condition of supervised release, but also "had no prior knowledge" that condition would be imposed); *see also United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) ("relax[ing] the plain error standard" because defendant did "not receive prior notice of the condition" of supervised release). For the reasons outlined below, however, under either plain error or "relaxed" plain error review, we cannot find that the District Court erred in imposing these two conditions of supervised release.

First, Floyd argues that the District Court erred when, in imposing the curfew condition, it did not explain this part of his sentence and its relationship to the goals of sentencing. But the District Court "expressly adopt[ed] the actual factual findings of the presentence investigation report" when it imposed the conditions of release. In the alternative, Floyd argues that the District Court impermissibly delegated its authority to the Probation Office. Here, Floyd cites *United States v. Matta*, where we held that "a district court may not delegate to the Probation [Office] decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." 777 F.3d 116, 122 (2d Cir. 2015). But the District Court did not delegate to the Probation Office decision-making authority that makes Floyd's liberty contingent on his probation officer's exercise of discretion—the Probation Office cannot decide whether to impose the curfew in the first instance; it can only adjust the curfew times to accommodate Floyd.

Floyd also challenges the imposition of a non-association condition. He relies on *United States v. Green* to argue that this condition is unconstitutionally overbroad. 618 F.3d 120. In *Green*, we "assumed" that there are "constitutionally required limitations on the breadth of 'association,' including that the prohibition only limits association with gang members *known to* the probationer, and excludes 'incidental contacts.'" *Id.* at 123. Applying the logic of *Green* to this case, we assume that the condition only limits Floyd's association with gang members known to him and excludes "incidental contacts." We also note that the Probation Office will provide Floyd with a non-exclusive prohibition list of prohibited places. On either plain error or relaxed plain error review, were therefore reject these challenges.

B.

On appeal, Brogdon raises several arguments why his sentence should be vacated. Because Brogdon lodged his objections at sentencing, we review for harmless error. *United States v. Wilson*, 920 F.3d 155, 162 (2d Cir. 2019).

First, Brogdon argues that the Government breached his plea agreement by arguing for the application of a role enhancement at sentencing. Brogdon also argues that the District Court committed procedural error at sentencing when it imposed a role enhancement without making supporting factual findings. In a February 14, 2020 order, we granted the Government's motion to

3

dismiss Brogdon's appeal with respect to all of his challenges except for his U.S.S.G. § 5G1.3 claim, citing Brogdon's waiver of his appeal rights. Accordingly, we do not here review the role enhancement and plea agreement breach arguments made in Brogdon's opening brief.

Finally, Brogdon argues that the District Court committed procedural error when it declined to adjust his sentence to account for time served on a related state conviction pursuant to U.S.S.G. § 5G1.3(b) or when it failed to explain its reasons for declining to adjust his sentence. On the present record we cannot yet conclude with confidence that the sentence is procedurally reasonable. Our review of the sentencing transcript reveals that the District Court explicitly recognized that § 5G1.3(b) applied to Brogdon's sentencing, and noted that § 5G1.3(b) provides for both an adjustment and the imposition of concurrent sentences. Having set forth the terms of § 5G1.3(b), the District Court then stated that: "[t]he parties, however, stipulated in the plea agreement the terms of incarceration should run concurrently, the Plea Agreement at Paragraph 2, and this Court so orders." Joint App'x 282. It did not offer an explanation for declining to adjust Brogdon's sentence downward pursuant to § 5G1.3(b)(1).

Accordingly, we remand so that the District Court may state its reasoning for declining to adjust Brogdon's sentence downward in accordance with § 5G1.3(b)(1). In so doing we stress that we are not intimating a view on the merits of any conclusion that the District Court might state on the record on remand. In the interest of judicial economy, however, this panel will retain jurisdiction over any subsequent appeal.[1]

**CONCLUSION**

We have reviewed all of the remaining arguments raised by Floyd and Brogdon on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the August 14, 2018 judgment of conviction of the District Court with respect to Floyd. For the foregoing reasons, we also **AFFIRM** the May 20, 2019 judgment of conviction of the District Court with respect to

---

[1] *See United States v. Rosa*, 957 F.3d 113, 121 n.29 (2d Cir. 2020) (explaining that this Court has taken two approaches as to the appropriate remedy for a violation of § 3553(c), depending on the circumstances of a district court's failure to comply: (1) in *United States v. Lewis*, 424 F.3d 239, 249 (2d Cir. 2005), remanding "with instructions that the district court vacate the sentence and conduct a full resentencing,"; and (2) affirming the judgment of conviction and sentence, remanding "for an adequate statement of reasons," but retaining "jurisdiction in the event of a subsequent appeal," termed a *Jacobson* remand, *United States v. Zackson*, 6 F.3d 911, 914, 924 (2d Cir. 1993); *see also United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994)).

Brogdon, except to the extent that we **REMAND** the cause to the District Court for a statement of reasons.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk