20-2832-cr
*United States v. Saglimbeni*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                                 20-2832-cr

Autumn Saglimbeni,

> *Defendant-Appellant*.

---

| | |
|---|---|
| FOR DEFENDANT-APPELLANT: | James P. Egan, Assistant Federal Public Defender, Federal Public Defender for the Northern District of New York, Syracuse, NY. |
| FOR APPELLEE: | Rajit S. Dosanjh, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney for the Northern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Kahn, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Autumn Saglimbeni appeals from a judgment entered on June 17, 2020 by the United States District Court for the Northern District of New York (Kahn, *J.*). Saglimbeni pleaded guilty on March 11, 2020 to escaping from a residential reentry center in violation of 18 U.S.C. § 751(a). At the time of her escape, Saglimbeni was still in custody for a 2015 federal drug conspiracy conviction based upon her prior violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, but had been transferred to the reentry center to serve the remaining portion of that 77-month sentence. The district court sentenced Saglimbeni to 21 months' imprisonment on the escape conviction to be served consecutively to the term of imprisonment remaining on the underlying 2015 drug conspiracy conviction, with no supervised release to follow because Saglimbeni was already subject to a 3-year term of supervised release for the drug conspiracy conviction.

On appeal, Saglimbeni challenges the 21-month sentence on several grounds. Although Saglimbeni did not explicitly state whether she is challenging the procedural or substantive reasonableness of the sentence, we address both given the nature of her arguments. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

\*          \*          \*

We generally apply a "deferential abuse-of-discretion standard" in our procedural and substantive review of a sentence imposed by a district court. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). With

2

respect to a district court's procedural review of a sentence, where, as here, the defendant failed to raise the procedural objections at sentencing, we review such challenges for plain error.[1] *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Under the plain error standard, Saglimbeni bears the burden of showing: (1) there was an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected her substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Marcus*, 560 U.S. 258, 262 (2010). We have found procedural error where the district court miscalculates the United States Sentencing Guidelines (the "Guidelines"), treats them as mandatory, does not adequately explain the sentence imposed, does not properly consider the 18 U.S.C. § 3553(a) factors, bases its sentence on clearly erroneous facts, or deviates from the Guidelines without explanation. *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011).

When reviewing for substantive reasonableness, this Court analyzes the "totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016) (internal quotation marks omitted). Under this deferential standard of review, this Court should only set aside sentences that are "so shockingly high, shockingly low, or otherwise

---

[1] Saglimbeni does not dispute that she failed to raise her procedural objections at sentencing, and thus, does not dispute that the plain error standard applies here. Instead, she submits that this standard is "typically *relaxed* in the sentencing context, especially where, as here, 'the defendant does not receive prior notice of the [supervised release] condition.'" Appellant's Br. at 11 (alteration in original) (emphasis added) (quoting *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010)). As an initial matter, Saglimbeni does not challenge the conditions of her supervised release, nor can she, as the district court did not impose any such conditions in relation to her challenged sentence. Further, Saglimbeni otherwise fails to articulate the "circumstances that [would] permit us to relax the . . . rigorous standards of plain error review to correct sentencing errors," and thus it is entirely unclear why a relaxed plain error standard of review would apply here. *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002). In any event, even if we were to apply the plain error standard "without insisting on strict compliance with the rigorous standards of [Federal Rule of Criminal Procedure] 52(b)," *Green*, 618 F.3d at 122, our decision to affirm the district court's judgment would remain unchanged.

3

unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

## I. Procedural Reasonableness

Saglimbeni argues that the district court failed to consider a number of mitigating factors in imposing its 21-month sentence. *See Cossey*, 632 F.3d at 86 (stating that a sentence could be procedurally unreasonable if the district court "does not adequately explain the sentence imposed"). For example, Saglimbeni contends that, in considering her criminal history for purposes of sentencing, the district court committed procedural error by failing to acknowledge or consider that the crime underlying her two prior state escape convictions was later decriminalized in 2019 and thereby subject to expungement under Vermont law.[2] Saglimbeni further asserts that it was unreasonable for the district court to fail to consider that she was already administratively punished by the Bureau of Prisons (the "BOP") for the same escape conduct underlying her federal escape conviction at issue here. Saglimbeni also argues, more generally, that "the district court's explanation consisted entirely of factors relied on to increase the sentence, without pausing to consider how . . . other factors . . . might favor a lower sentence." Appellant's Br. at 15–16. As set forth below, we find no basis to conclude that the district court committed any procedural error in imposing its sentence.

First, the district court could not have committed a procedural error by failing to acknowledge or consider on the record the decriminalization issue and expungement eligibility of Saglimbeni's state escape convictions, as those facts were never presented to the district court below. Saglimbeni informed the district court, through her sentencing submissions, that her two

---

[2] Saglimbeni was twice previously convicted, in 2009 and 2010, of escaping a drug treatment facility while in custody, in violation of Vt. Stat. Ann. tit. 13, § 1501(b)(1). At the time of this prior escape conduct, Saglimbeni was serving a state sentence for possessing and selling drugs and was on conditional re-entry status, which required her to remain at a designated drug treatment facility for supervision at all times.

state escape convictions "*might* have been expunged" under Vermont law. App'x at 37 (emphasis added). She further advised the district court that she would "try[] to confirm [expungement] with the Vermont state court." App'x at 49. However, we find no evidence in the record, including in her written submissions or at the sentencing itself, that Saglimbeni later confirmed with the district court that her state escape convictions were eligible for expungement or that they were in fact expunged. Indeed, Saglimbeni acknowledges on appeal that, although Vermont decriminalized the escape offense underlying her two state escape convictions, her convictions were not expunged under Vermont law because she still maintains unpaid court fees in connection with those convictions. *See* 2019 Vermont Laws No. 77 (S. 105) (amending Vt. Stat. Ann. Tit. 13, §1501(b)); Vt. Stat. Ann. tit. 13, § 7602(a)(1)(B) (authorizing expungement of certain prior convictions). Saglimbeni further concedes that, even if she had paid her court fees, and her state escape convictions were successfully expunged from her record, that would have no effect on her criminal history category and Guidelines range. In other words, although the expungement would have reduced her total number of criminal history points, she would have remained in Criminal History Category VI (because of her 18 criminal history points), with the same advisory Guidelines range of 15 to 21 months' imprisonment.

Moreover, regardless of whether the state escape convictions were subject to expungement (or even if expunged) due to decriminalization, the district court did not err in considering the underlying conduct with respect to those convictions in balancing all of the sentencing factors under 18 U.S.C. § 3553(a). It is well settled that a district court may take into consideration a broad array of information in determining the appropriate sentence, including even acquitted conduct. *See, e.g.*, *United States v. Vaughn*, 430 F.3d 518, 521 (2d Cir. 2005); *see also Wasman v. United States*, 468 U.S. 559, 563 (1984) (explaining that, at sentencing, the court has the discretion to "consider any and all information that reasonably might bear on the proper sentence for the particular

5

defendant"). Here, the state escape convictions subject to expungement due to decriminalization in Vermont were part of a pattern of similar conduct by Saglimbeni over many years in terms of her failure to follow the law and her conditions of supervision, including the instant federal escape conviction. Thus, it was within the district court's discretion to consider that escape conduct in Vermont as relevant to assessing, among other things, the need for deterrence and incapacitation in this case.

Second, we find similarly unpersuasive Saglimbeni's argument that the district court committed procedural error when it failed to consider that the BOP had already "administratively punished" her by depriving her of approximately 18 months of accrued good-time credit and an early-release benefit, and that its 21-month sentence, when considered in conjunction with the BOP's administrative sanction, would thus amount to an effective total sentence of nearly 38 months for her conduct. Appellant's Br. at 16. As a threshold matter, we note that this argument suggests that all of the BOP's actions against Saglimbeni were taken as a result of her escape conduct. That is incorrect. Most of the good-time credit and the early-release benefit that she lost was a result of her testing positive for a prohibited substance at the residential reentry center, not her escape conduct. Thus, it appears that only approximately 5 months of the time that Saglimbeni lost administratively was due, in some part, to her escape conduct. In any event, there is no indication in the sentencing record that the district court failed to consider the existence of this administrative punishment in determining the appropriate sentence. *See United States v. Fernandez*, 443 F.3d 19, 29–30 (2d Cir. 2006) ("[W]e entertain a strong presumption that the sentencing judge has considered all arguments properly presented to her, unless the record clearly suggests otherwise. The presumption is especially forceful when, as was the case here, the sentencing judge makes abundantly clear that she has read the relevant submissions and that she

has considered the § 3553(a) factors."), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). Thus, this issue provides no basis to find procedural error.

Finally, we also reject Saglimbeni's general contention that the district court failed to consider various other mitigating factors in imposing the 21-month sentence. To be sure, Saglimbeni's counsel pointed to several mitigating factors in arguing for a lower sentence, including Saglimbeni having grown up with only "disadvantage and hardship," and her destructive "[d]rug addiction [that] has led to all sorts of problems." App'x at 57–58. Saglimbeni herself also implored the district court to consider that she had "learned from [her] mistake and [that she] would much rather live a lawful life." App'x at 60. The district court, however, gave meaningful consideration and responded to those mitigating factors. It explained, for example, that although "[it] appreciate[d] [that Saglimbeni was] dealing with drugs and [her] background and the life [she] had," and sympathized that "beat[ing] drugs [is] the hardest thing in the world," it would nonetheless impose a top-of-the-Guidelines-range sentence because of the host of countervailing factors that illustrated, among other things, that "[she] really [hadn't] demonstrated compliance with the law or even a commitment or desire to better [herself]." App'x at 60–62. Thus, contrary to Saglimbeni's contention, the district court clearly considered and weighed the various mitigating factors that might favor a lower sentence.

In sum, with respect to the procedural reasonableness of the sentence, we conclude that Saglimbeni has failed to demonstrate any error, let alone plain error, in the district court's imposition of her 21-month sentence.

## II. Substantive Reasonableness

Saglimbeni relatedly contends that the district court erred by not only failing to consider the expungement issue, but also by placing "*undue weight* on Saglimbeni's prior escape convictions," Appellant's Br. at 12 (emphasis added), which we construe as a substantive unreasonableness

argument. More generally, Saglimbeni asserts that her 21-month sentence was unreasonable overall, particularly when viewed together with the BOP's administrative sanction excluding Saglimbeni's good-time credit, because it was "greater than necessary to achieve the purposes of sentencing." *Id*. at 16. We disagree and find no basis to conclude that the sentence was substantively unreasonable.

As an initial matter, although the district court considered Saglimbeni's state escape convictions, those convictions were not evaluated in isolation, but rather in conjunction with a panoply of other relevant information and sentencing factors. More specifically, the district court observed that Saglimbeni had an "extensive criminal history," "committed the instant offense while a Bureau of Prisons' inmate," "[poorly] adjust[ed] to prior periods of supervision," "continued [to] fail[] to comply with court orders," and maintained "ongoing substance abuse issues." App'x at 61–62.

Those broader observations were amply supported by the Pre-Sentence Report (the "PSR"), which the district court adopted after Saglimbeni agreed to its factual contents. For instance, Saglimbeni's extensive criminal history included not only the two state felony escape convictions in 2009 and 2010, but also five drug-related convictions from 2003 to 2015 (a state misdemeanor conviction in 2003, three state felony convictions in 2006, 2007, and 2012, and the underlying federal drug conspiracy conviction in 2015), two state misdemeanor convictions for theft in 2003 and 2015, four state misdemeanor convictions for criminal impersonation in 2003, 2004, and 2007, and two state misdemeanor assault convictions in 2004. In addition to this pattern of criminal conduct spanning over 10 years (not including the instant conviction), the PSR recounts that Saglimbeni committed several disciplinary infractions while incarcerated in state prison, including assault and various drug-and-alcohol-related violations, and that she absconded from parole and violated the terms of her release in connection with her state drug convictions. Moreover, as

8

particularly relevant to her escape conviction here, according to the PSR, at the time she was arrested for the federal drug crime underlying the escape conviction, Saglimbeni had escaped state parole supervision and was at large for nearly two years. Thus, as the district court further observed, not only was this escape conviction her seventh felony conviction, but it was also her third escape conviction.

These facts fully supported the district court's determination that a top-of-the-Guidelines-range sentence in this case was warranted to reflect "the seriousness of [the] offense; promote . . . respect for [the] law[;] . . . provide just punishment for [the] offense; . . . afford adequate deterrence to criminal conduct; and . . . protect the public from further crimes of [Saglimbeni]." App'x at 62; *see also* 18 U.S.C. § 3553(a). We have previously explained that "[w]hile not presumptively reasonable, . . . in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) (internal quotation marks omitted). We conclude that, notwithstanding the arguments made by Saglimbeni regarding the decriminalization of the crime underlying her state escape convictions and the administrative punishment for her federal escape, as well as the other mitigating factors presented by Saglimbeni at sentencing, the 21-month sentence is not "shockingly high" or "otherwise unsupportable as a matter of law" in light of the totality of the sentencing record. *Muzio*, 966 F.3d at 64; *see also Fernandez*, 443 F.3d at 32 ("The weight to be afforded any given argument made pursuant to one of the § 3553(a) factors is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented.").

Accordingly, we conclude that Saglimbeni's sentence was not substantively unreasonable.

9

              \*                  \*                \*

We have considered all of Saglimbeni's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court