20-4113-cr
*United States v. Heriberto Batiz*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-two.

Present:    DEBRA ANN LIVINGSTON,
                 *Chief Judge*,
              AMALYA L. KEARSE,
              EUNICE C. LEE,
                 *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

              *Appellee*,

        v.                                                        20-4113

HERIBERTO BATIZ,

              *Defendant-Appellant*.[1]

_____

For Appellee:                        CONOR M. REARDON (Stephanie T. Levick and Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Leonard C Boyle, Acting United States Attorney, District of Connecticut, New Haven, CT.

For Defendant-Appellant:      DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

---

[1] The Clerk of Court is directed to amend the caption as set forth above.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and the case is **REMANDED** for further proceedings.

Defendant-Appellant Heriberto Batiz ("Batiz") was convicted in 2004, following his guilty plea to one count of conspiracy with intent to distribute cocaine, *see* 21 U.S.C. §§ 841(b)(1)(A) and 846, and sentenced by the United States District Court for the District of Connecticut (Covello, *J.*) to 120 months' imprisonment and five years of supervised release. Then, in 2016, Batiz pleaded guilty to two counts of illegal sexual contact with a minor, an offense which he committed during his term of federal supervised release, and was sentenced by the Connecticut Superior Court to seven years' imprisonment and five years of special parole on each count, to be served consecutively.

On June 29, 2020, the United States Probation Office filed a violation of supervised release report, alleging that Batiz had violated a mandatory condition of his supervised release, which prohibited him from committing another federal, state, or local offense. Batiz admitted to the violation, and on December 4, the United States District Court for the District of Connecticut (Bolden, *J.*) revoked his supervised release and sentenced him to ten months' imprisonment and five years of supervised release for the violation. The district court imposed this sentence to run consecutively to the Connecticut state sentence that Batiz was already serving. The district court also imposed special conditions of supervised release. As relevant to this appeal, the court prohibited Batiz from incurring credit card charges over $500 or from opening new lines of credit

and required him to provide financial reports and records to probation upon request. The district court did not explain the basis for these conditions, and Batiz did not object to them.

Batiz now appeals the substantive reasonableness of his sentence for violating supervised release — specifically, the district court's decision to impose the ten-month term of imprisonment to run consecutively to (rather than concurrently with) his Connecticut state sentence — and asserts that the district court committed plain error by imposing the aforementioned special conditions. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and remand for further proceedings.

### A. Substantive Reasonableness

Batiz first challenges the district court's decision to impose the ten-month term of imprisonment to run consecutively to his state-court sentence. This, he contends, rendered his federal sentence substantively unreasonable because it made him ineligible for parole under Connecticut state law and thus potentially increased the time that he would spend in prison by nearly six years. We disagree.

"Sentences for violations of supervised release are reviewed under the same standard as for sentencing generally: whether the sentence imposed is reasonable." *United States v. Smith*, 949 F.3d 60, 65–66 (2d Cir. 2020) (internal quotation marks omitted). A sentence is reviewed for substantive unreasonableness "under a deferential abuse-of-discretion standard." *United States v. Betts*, 886 F.3d 198, 201 (2d Cir. 2018) (internal quotation marks omitted). "Review for substantive unreasonableness requires that we consider the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Smith*, 949 F.3d at 66 (internal quotation marks omitted). "That

conclusion applies with particular force to probation violation proceedings, where the sentencing judge has unique insights" into both the circumstances surrounding the initial sentence "and the degree to which the violation represents a serious betrayal of the court's trust and a risk of future criminal conduct." *United States v. Verkhoglyad*, 516 F.3d 122, 136 (2d Cir. 2008). Appellate courts "reverse for substantive unreasonableness only when the trial court's sentence cannot be located within the range of permissible decisions." *Smith*, 949 F.3d at 66 (internal quotation marks omitted).

Batiz's challenge is unavailing. The record reflects that Batiz expressed his preference for a concurrent sentence to the district court and drew its attention to the potentially harsh collateral effects that a consecutive sentence would have on his eligibility for parole under Connecticut state law. After considering Batiz's request, the district court concluded that a consecutive sentence would better serve the purposes embodied in 18 U.S.C. § 3553(a). In particular, the district court emphasized that Batiz "violated significant trust in ways that are really . . . quite damaging to society," and that the court had to impose a sentence that "make[s] sure society is protected." App'x at 53–55. Moreover, the district court's imposition of a consecutive sentence is supported by the applicable United States Sentencing Guidelines policy statement, which provides that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release *shall be ordered to be served consecutively* to any sentence of imprisonment that the defendant is serving . . . ." U.S.S.G. § 7B1.3(f) (emphasis added). Batiz's argument also assumes that he would be released on parole after serving half his state sentence. But early release is discretionary under Connecticut law. *See* Conn. Gen. Stat. § 54-125a. Thus, it is not clear that the consecutive nature of the federal sentence has increased the time Batiz will spend in prison by any more than ten months. Accordingly, we are not persuaded

4

that the district court's sentence "cannot be located within the range of permissible decisions." *Smith*, 949 F.3d at 66 (internal quotation marks omitted).

## B. Special Conditions of Supervised Release

Batiz next challenges the district court's imposition of two special conditions of supervised release involving his personal finances: the condition (number two) prohibiting him from incurring credit card charges over $500 or from opening new lines of credit, and the condition (number 6) requiring him to provide financial reports and records to probation upon request.

When a defendant, as here, failed to object to challenged conditions of supervised release before the district court, "we review only for plain error." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010); Fed. R. Crim. P. 52(b). "Under plain error review, the court must first find an obvious error that affects substantial rights." *Green*, 618 F.3d at 122. "Then, the court may use its discretion to correct the error if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). "On occasion, however, we have reviewed unobjected to sentencing errors without rigorous application of plain error standards." *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002). When a defendant appeals a condition of supervised release and "d[id] not receive prior notice of the condition," we "relax the plain error standard" and "entertain [the defendant's] challenge without insisting on strict compliance with the rigorous standards of Rule 52(b)." *Green*, 618 F.3d at 122 (internal quotation marks omitted).

The record does not indicate whether Batiz had prior notice of the challenged conditions. Nonetheless, we need not decide the precise standard of review because remand (to which the Government has consented) is necessary even assuming strict application of Rule 52(b). First, the district court failed "to state on the record the reason for imposing" the conditions, and the

5

district court's reasoning is not "self-evident in the record." *Betts*, 886 F.3d at 202 (internal quotation marks omitted). Second, the district court's "obvious error" affects Batiz's "substantial rights" — the challenged conditions, unless explained, appear to restrict Batiz's liberty more than is reasonably necessary. *Id.*

"A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *Id.* "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *Id.* (internal quotation marks omitted). In either case, "[t]here must be a reasonable relationship between the factors considered by the district court in the individualized assessment and the special condition of release being challenged," and the condition "must impose no greater restraint on liberty than is reasonably necessary to accomplish sentencing objectives." *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020).

Accordingly, we remand to the district court to reconsider whether the challenged conditions are warranted, and if so, to explain its rationale for imposing them. The district court may invite the parties to further develop the record to support or oppose the imposition of these conditions and may retain, modify, or remove them. Upon such decision by the district court, either party may restore the matter to the active docket of this Court by letter, without filing a new notice of appeal. If either party seeks further action from this Court, the matter will be referred to this panel. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994) (recognizing that appellate courts may seek "supplementation of a record without a formal remand or the need for a new notice of appeal before the appellate panel acts on the supplemental record").

We have considered Batiz's remaining arguments and find them to be without merit.   We therefore **AFFIRM** the judgment of the district court to the extent that it imposes on Batiz a 10-month prison term to be served consecutively to his state sentence, and imposes special conditions of supervised release other than those numbered two and six.   As to conditions two and six, we **REMAND** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court