08-5548-cr
United States v. Warren Green

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2009

Argued: October 21, 2009                    Decided: August 13, 2010

Docket No. 08-5548-cr

_____

_____

UNITED STATES,

Appellee,

-v-

WARREN GREEN,

Appellant.

_____

POOLER, KATZMANN, and LIVINGSTON, Circuit Judges.

Warren Green appeals from a final judgment of the United States District Court for the

Northern District of New York (Scullin, J.), imposing a condition on his supervised release from

prison that prohibits him from associating with members of criminal street gangs or wearing the

colors, tattoos or insignia related to such gangs. We conclude that the portion of the condition

prohibiting Green from wearing gang colors or insignia is unconstitutionally vague, VACATE

the condition, and REMAND the matter to the district court for further proceedings consistent

with this opinion.

_____

MOLLY K. CORBETT, of counsel to Timothy Austin,

Assistant Federal Public Defender, Northern District of New York, Albany, NY, for Appellant.

BRENDA K. SANNES, of counsel to Richard S. Hartunian, United States Attorney for the Northern District of New York, (Daniel Hanlon, on the brief), for Appellee.

Per Curiam:

Warren Green appeals from a final judgment of the United States District Court for the Northern District of New York (Scullin, J.), imposing a condition on his supervised release from prison that prohibits him from associating with members of criminal street gangs or wearing the colors, tattoos or insignia related to such gangs. The only question raised on appeal is whether the judge erred in issuing this condition. We conclude that the portion of the condition prohibiting Green from wearing gang colors or insignia is unconstitutionally vague. Therefore, we vacate the condition and remand to the district court for further proceedings consistent with this opinion.

## FACTS

In June, 2001, Green was convicted of conspiracy to possess and distribute crack cocaine and cocaine and sentenced to 121 months' imprisonment. On July 17, 2007, officers at the Ray Brook correctional facility, where Green was serving his sentence, strip-searched Green and discovered marijuana and a homemade weapon. Green was charged pursuant to a two-count indictment in the United States District Court for the Northern District of New York with knowing possession of a weapon in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(3), and possession of marijuana, in violation of 18 U.S.C. §§ 1791(a)(2) and 1791(b)(3).

Green pled guilty to both counts on June 19, 2008. At an oral sentencing proceeding on October 24, 2008, the district court imposed a sentence of 18 months on each count to run

2

concurrently followed by a three year term of supervised release. The judge then imposed a condition of supervised release, stating: "And of course, as a special condition, you're not to associate with any member or associate of the Bloods street gang or any other criminal street gang." This condition was not recommended in Green's pre-sentence report.

Subsequently, in a final written order dated October 28, 2008, the district court elaborated on this special condition of supervised release, adding further terms: "The defendant shall not associate with any member or associate of the Bloods street gang, or any other criminal street gang, in person, by mail (including email), or by telephone. This shall include the wearing of colors, insignia, or obtaining tattoos or burn marks (including branding and scars) relative to these gangs."

Green filed a notice of appeal on November 7, 2008. He is currently incarcerated.

## ANALYSIS

### I. **Standard of Review**

Generally, we review conditions of supervised release for abuse of discretion. United States v. Dupes, 513 F.3d 338, 342-43 (2d Cir. 2008). When the defendant does not object to the conditions, however, we review only for plain error. Id. at 343; Fed. R. Crim. P. 52(b). Under plain error review, the court must first find an obvious error that affects substantial rights. Dupes, 513 F.3d at 343. Then, the court may use its discretion to correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. Green did not object to the conditions of his supervised release.

The sentencing context, however, offers defendants a less rigorous plain error review if defendant lacked sufficient notice of the challenged conditions. United States v. Sofsky, 287 F.3d 122, 125 (2d Cir. 2002). As in Sofsky, Green did not have an opportunity to raise a

3

contemporaneous objection to his conditions of supervised release. In Green's case, the full terms of the condition were still unknown at the oral hearing because the condition was not imposed until the judge issued the final written order. Green was thus completely deprived of any opportunity to object.

The government suggests without argument that Puckett v. United States, 129 S. Ct. 1423 (2009), alters the Sofsky standard. Id. at 1429 (holding that strict plain error review applies to unobjected to plea agreement breaches). Although Puckett makes clear that plain error review applies to sentencing errors to which a contemporaneous objection is not raised, see id. at 1428-29, it does not alter our conclusion that we should relax the plain error standard when the defendant does not receive prior notice of the condition, see Sofsky, 287 F.3d at 125. Applying Sofksy, we therefore "entertain [Green's] challenge without insisting on strict compliance with the rigorous standards of Rule 52(b)." Id. at 125-26.

II. **Due Process**

We have recognized that "[d]ue process requires that the conditions of supervised release be sufficiently clear to 'give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly.'" United States v. Simmons, 343 F.3d 72, 81 (2d Cir. 2003) (quoting United States v. Cabot, 325 F.3d 384, 385 (2d Cir. 2003)). A condition of supervised release must provide the probationer with conditions that "are sufficiently clear to inform him of what conduct will result in his being returned to prison," and violates due process if "men of common intelligence must necessarily guess at its meaning and differ as to its application." Simmons, 343 F.3d at 81 (internal quotation marks and citations omitted). On the other hand, conditions of supervised release "'need not be cast in letters six feet high, or . . . describe every possible permutation, or . . . spell out every last, self-evident detail.'" United

4

States v. MacMillen, 544 F.3d 71, 76 (2d Cir. 2008) (quoting United States v. Johnson, 446 F.3d 272, 280 (2d Cir. 2006)).

Here the condition at issue can be divided into two parts. The first part, issued orally, prohibits association with criminal street gangs. The second, added to the oral condition, defines association to include "wearing of colors, insignia, or obtaining tattoos or burn marks (including branding and scars) relative to these gangs." We discuss these two parts in turn.

a. **Association with Criminal Street Gangs**

The term "criminal street gang" is cabined by a clear statutory definition that would permit Green to comply with the condition and permit officers to consistently enforce the condition. See Simmons, 343 F.3d at 81-82 (finding that a condition of supervised release related to "pornography" did not violate due process, because the term was defined by federal statute). A "criminal street gang" is defined in the United States Code as:

> an ongoing group, club, organization, or association of 5 or more persons –
>
> (A) that has as 1 of its primary purposes the commission of 1 or more of the criminal offenses described in subsection (c);
>
> (B) the members of which engage, or have engaged within the past 5 years, in a continuing series of offenses described in subsection (c); and
>
> (C) the activities of which affect interstate or foreign commerce.

18 U.S.C.§ 521(a).

The statutory definition distinguishes this case from the one other instance of which we are aware of a court in the Second Circuit dealing with a prohibition from gang association. The Southern District of New York struck down a prohibition from associating with any member of the Hells Angels motorcycle gang or "any other outlaw motorcycle gang" as unconstitutionally vague. LoFranco v. U.S. Parole Comm'n, 986 F. Supp. 796 (S.D.N.Y. 1997), aff'd 175 F.3d

1008 (2d Cir. 1999) (unpublished). Importantly, however, unlike "criminal street gang," the phrase "outlaw motorcycle gang" has no statutory definition.

The only other circuit of which we are aware to address association with criminal street gangs specifically found the prohibition constitutional. See United States v. Vega, 545 F.3d 743, 749 (9th Cir. 2008) (finding that a provision prohibiting probationer from associating "with any member of any criminal street gang as directed by the Probation Officer, specifically, any member of the Harpys street gang" did not violate due process); United States v. Soltero, 510 F.3d 858, 865 (9th Cir. 2007) (per curiam) (upholding condition that prohibited probationer from associating with "any known member of any criminal street gang . . . as directed by the Probation Officer, specifically, any known member of the Delhi street gang"). Like the condition here, both conditions in the Ninth Circuit cases used an example of a particular gang the probationer was to avoid. And of course, those cases assumed, as do we, constitutionally required limitations on the breadth of "association," including that the prohibition only limits association with gang members *known to* the probationer, and excludes "incidental contacts." See Arciniega v. Freeman, 404 U.S. 4, 4 (1971) (per curiam).

The statutory background of the federal criminal law gives the phrase "criminal street gang" provision a constitutionally sufficient foundation, and this part of the condition is therefore not unconstitutionally overbroad.

> b. **Prohibition from "wearing of colors, insignia, or obtaining tattoos or burn marks (including branding and scars) relative to [criminal street] gangs"**

The condition of supervised release that prohibits Green from the "wearing of colors, insignia, or obtaining tattoos or burn marks (including branding and scars) relative to [criminal street] gangs," on the other hand, is not statutorily defined and does not provide Green with

6

sufficient notice of the prohibited conduct. The range of possible gang colors is vast and indeterminate. For example, the L.A. Police Department's explanation of gang colors and clothing includes "white T-shirts," "blue or black or a combination of the two," red, green, black, brown and purple. Los Angeles Police Department, How Are Gangs Identified, http://www.lapdonline.org/get_informed (last visited May 14, 2010). Eliminating such a broad swath of clothing colors would make his daily choice of dress fraught with potential illegality. People of ordinary intelligence would be unable to confidently comply with this condition.

Although we find that the condition against wearing gang related clothing is impermissibly vague, we do not mean to suggest that all broad prohibitions are unconstitutional. We uphold broad conditions of supervised release so long as they are sufficiently clear to provide the defendant with notice of what conduct is prohibited. See MacMillen, 544 F.3d at 74 (upholding condition of supervised release prohibiting defendant from "being on [sic] any areas or locations where children are likely to congregate[,] such as schools, daycare facilities, playgrounds, theme parks, arcades, recreational facilities, and recreation parks") (internal notations in original); Johnson, 446 F.3d at 280 (upholding condition prohibiting defendant from being "in any area in which persons under the age of 18 are likely to congregate, such as school grounds, child care centers, or playgrounds").

The condition of supervised release at issue here contains no limiting list of the colors or insignia that are typically associated with any particular gangs to guide Green in his clothing choices, and is, therefore, much more vague than the prohibited conditions in MacMillen and Johnson. This condition is therefore unconstitutionally vague.

III. **Reasonable Relation to Prior Acts**

Green also argues that we should vacate the street gang condition because it was not

reasonably related to his criminal history or prior acts. Although the district court is endowed with "broad discretion to tailor conditions of supervised release to the goals and purposes" of sentencing, this discretion is constrained by congressionally imposed limits. United States v. Balon, 384 F.3d 38, 42 (2d Cir. 2004) (quoting United States v. Chaklader, 232 F.3d 343, 348 (2d Cir. 2000)). To fall within the discretion of the district court, a "condition of supervised release need only be reasonably related to" sentencing factors. United States v. Gill, 523 F.3d 107, 109 (2d Cir. 2008) (per curiam) (quoting Dupes, 518 F.3d at 344). Because we have already vacated the condition, we need not reach this issue.

IV. **Green's Presence at Sentencing**

Finally, we are troubled by the fact that additional terms were imposed after the oral hearing. Even though we vacate the additional condition on due process grounds, we emphasize that Green should have been present for the imposition of new sentencing terms. United States v. Jacques, 321 F.3d 255, 262-63 (2d Cir. 2003); United States v. A-Abras Inc., 185 F.3d 26, 29 (2d Cir. 1999); Fed. R. Crim. P. 43(a)(3).

**CONCLUSION**

For the foregoing reasons, we **VACATE** the condition of supervised release prohibiting Green from wearing colors and insignia relative to criminal street gangs, and **REMAND** the matter to the district court for further proceedings consistent with this opinion.

8