United States v. Smith

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand fifteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>ROSEMARY S. POOLER,
>DENNY CHIN,
>>*Circuit Judges.*

_____

United States of America,

>*Appellee*,

>v.

Kevin Patrick Smith,

>*Defendant-Appellant*.

14-3530

_____

FOR DEFENDANT- APPELLANT:        Arza Feldman, Feldman & Feldman, Uniondale, NY; Kevin Patrick Smith, pro se, White Deer, PA.

FOR APPELLEE:        Hadassa Robyn Waxman, Brian A. Jacobs, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney Office for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** in part and **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Kevin Patrick Smith appeals from a judgment of conviction and sentence entered in the United States District Court for the Southern District of New York (Buchwald, *J.*). A jury found Smith guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), but failed to reach a verdict on a second charge of attempted bank robbery. Smith was sentenced to 96 months' imprisonment, followed by three years of supervised release with certain conditions. Smith now appeals his conviction on several grounds, as well as the imposition of a special condition of supervised release which restricts his access to credit.

Smith first argues that the District Court erred in denying his motion for a mistrial due to prosecutorial misconduct. During its rebuttal summation, the Government argued that the timing of Smith's arrest was designed to protect "the safety of the citizens of New York – and New Paltz." App. 53. Smith contended before the District Court and again on appeal that a "safe streets" argument, *i.e.*, that Smith was so dangerous he must be arrested to protect public safety, was an improper emotional appeal to jurors' generalized fear of crime. We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010). But a prosecutor's improper remark warrants a new trial only if the defendant has suffered "substantial prejudice." *United States v. Banki*, 685 F.3d 99, 120 (2d Cir. 2011). In determining whether alleged misconduct has caused "substantial prejudice," we consider "[1] the seriousness of the misconduct, [2] the measures adopted by the trial court to cure the misconduct, and [3] the

2

certainty of conviction absent the improper statements." *Id.* (quoting *United States v. Parker*, 903 F.2d 91, 98 (2d Cir. 1990)).

We find that the District Court was within its discretion to deny Smith's motion for a mistrial. First, the challenged remark did not rise to the level of serious misconduct, but was instead a fair response to the defendant's arguments. In his summation, defense counsel disputed that Smith's actions were sufficient to constitute an attempted bank robbery, which counsel described as being when "someone goes into a bank with a gun," or "is 20 feet away and gets cold feet." App. 55 (District Court quoting defense counsel's summation). As the District Court correctly noted, by describing an "attempt" in these terms, counsel opened the door to the Government's rebuttal argument that it was necessary to arrest Smith before he reached the bank that was his intended target. *See, e.g.*, *United States v. Tocco*, 135 F.3d 116, 130 (2d Cir. 1998) ("Under the invited or fair response doctrine, the defense summation may open the door to an otherwise inadmissible prosecution rebuttal. In particular, where the defense summation makes arguments and allegations against the government, the prosecutor may respond to them in rebuttal." (citation omitted)).

Even if the Government's remark was improper, though, Smith was not substantially prejudiced by it. The challenged remark comprised a single sentence of the Government's rebuttal summation, and referenced safety concerns in only a generalized manner. Moreover, the remark did not directly concern the gun charge of which Smith was actually convicted. The District Court instructed the jury that it needed to decide the case based solely on the evidence, not including the arguments made in summation. And the evidence of Smith's guilt on the gun charge was overwhelming, as discussed below. Accordingly, the Government's remark during

3

summation does not warrant reversal of Smith's conviction. *See United States v. Shareef*, 190 F.3d 71, 78 (2d Cir. 1999) ("[W]e have been reluctant to reverse where the transgression was isolated . . . and the evidence against the defendant was strong.").

Representing himself *pro se*, Smith also challenges the sufficiency of the evidence to support his conviction and alleges that there was error in the grand jury proceedings. We review challenges to the sufficiency of evidence de novo, "view[ing] the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility." *United States v. Sabhnani*, 599 F.3d 215, 241 (2d Cir. 2010) (quoting *United States v. Parkes*, 497 F.3d 220, 225 (2d Cir. 2007)). The jury's verdict will be sustained if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Romano*, 794 F.3d 317, 335 (2d Cir. 2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

We find no merit in Smith's *pro se* arguments. First, there was ample evidence to support his conviction on the gun charge. The FBI found five guns and assorted ammunition at a storage unit rented in Smith's name. Before his arrest, Smith told the FBI's informant that he kept one of his guns, the .44 Magnum he intended to use during the robbery, at an Extra Space Storage facility. Smith also gave the informant a business card with the facility's name. The conversation was recorded and later replayed to the jury. At the time he was arrested, Smith was carrying another Extra Storage Space business card, as well as a key that matched the lock at the Extra Storage Space unit where the guns were found. Surveillance video at the facility showed Smith filling out rental paperwork, paying for the unit, and placing items inside it. The unit itself contained a box with a shipping label containing Smith's name and address, in addition to the guns and

4

ammunition. This evidence was more than sufficient to support Smith's conviction on the weapons charge.

We also find Smith's claim regarding inaccuracies in the grand jury testimony to be without merit. Smith claims that the FBI agent who investigated his case lied during his testimony to the grand jury in claiming that the informant was not paid. But the agent's testimony was not inaccurate; during his testimony before the grand jury, the agent noted that the informant was "not being paid for the information." Supp. *Pro Se* Br. 22. At trial, the agent clarified that the informant was reimbursed for expenses and received "subsistence" payments, but again asserted that the informant was not compensated directly for providing information. There was thus no error in the testimony that warrants overturning Smith's conviction.

Finally, with the assistance of counsel, Smith challenges a special condition of supervised release restricting his access to credit "unless [he] is in compliance with [his] installment payment schedule." App. 87. Conditions of supervised release are generally reviewed for abuse of discretion. *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010). "When the defendant does not object to the conditions, however, we review only for plain error," unless there was no opportunity to raise a contemporaneous objection, in which case we may "relax" the standard and employ "a less rigorous plain error review." *Id.*

Because no financial penalties were imposed on Smith, there was no installment payment schedule associated with his sentence. The Government consents to a limited remand on this issue. We agree, and remand for reconsideration of this special condition in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). If the District Court decides to retain the condition, it should explain its reasoning. Should the District Court

retain the condition, Smith may restore this appeal by notice to the Clerk of this Court within 30 days of the District Court's order.   If the District Court vacates the condition, that will terminate the appeal.

We have considered all of Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** in part, **VACATE** in part, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6