*United States v. Lopez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of May, two thousand nineteen.

PRESENT:     ROBERT D. SACK,
             PETER W. HALL,
             CHRISTOPHER F. DRONEY,
                       *Circuit Judges*.

_____

United States of America,

                  *Appellee*,

                  v.                                    No. 18-816

Ruben Lopez,

                  *Defendant-Appellant*,

Jose Albornoz, Tony Garcia, Ronny Lopez, Adolfo Diaz,

                  *Defendants*.

_____

For Appellant:              SUSAN G. KELMAN (Sarah Kunstler, *on the brief*),
                            Law Offices of Susan G. Kellman, Brooklyn, NY

For Appellee:               ELI J. MARK (Won S. Shin, *on the brief*), Assistant
                            United States Attorneys, *for* Geoffrey S. Berman,

United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-Appellant Ruben Lopez appeals the March 28, 2018 judgment of the district court imposing a sentence of four years of imprisonment for Lopez's conviction for conspiracy to commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. Lopez was recruited as the substitute getaway driver in the planned robbery of a drug dealer. He argues that the district court committed procedural error by applying *sua sponte* a five-point sentencing enhancement for brandishing or possessing a firearm pursuant to U.S.S.G. § 2B3.1(b)(2)(C) because a firearm was not part of the scope of Lopez's specific criminal agreement and it was not reasonably foreseeable that a firearm would be brandished or possessed by a co-conspirator. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Lopez argues on appeal that the district court committed procedural error when it failed to make a particularized factual finding that brandishing or using a firearm was within the scope of his criminal agreement or that possession of a firearm by a co-conspirator was reasonably foreseeable, as required under *United States v. Studley*, 47 F.3d 569 (2d Cir. 1995). He also argues that the record does not support the district court's findings on each of these issues. *See United States v. Martinez*, 862 F.3d 223, 246 (2d Cir. 2017) (explaining that a district court commits procedural error if it selects "a sentence based on clearly erroneous factual findings" (internal quotation marks omitted)). We review the district court's factual findings for clear error. *United*

2

*States v. Archer*, 671 F.3d 149, 161 (2d Cir. 2011).   We review Lopez's argument that the district court did not make particularized factual findings at each step of the *Studley* analysis for plain error, however, because Lopez did not raise that argument below.   *See United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (*per curiam*).

"Under plain error review, the court must first find an obvious error that affects substantial rights."   *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (*per curiam*).   A "plain error" is one that is "clear or obvious, rather than subject to reasonable dispute."   *Alvarado*, 720 F.3d at 157 (quoting *United States v. Marcus*, 560 U.S 258, 262 (2010)).   In the sentencing context, in order for the reviewing court to find that it prejudiced the defendant's substantial rights, the error must also "affect the outcome of the sentencing proceeding."   *Id.* at 160.   Only if these two factors are found may the court then "use its discretion to correct the error if it 'seriously affects the fairness, integrity or public reputation of judicial proceedings.'"   *Green*, 618 F.3d at 122 (quoting *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008)).

Under *Studley*, before sentencing a defendant based on a co-conspirator's conduct a district court must make a particularized factual finding that (1) the conspirator's conduct was within the scope of the defendant's criminal agreement and (2) the co-conspirator's conduct was reasonably foreseeable to the defendant.   47 F.3d at 574.   And those findings must "be supported . . . by a preponderance of the evidence."   *Martinez,* 862 F.3d at 246.   As to the latter issue, we conclude that the district court's factual findings were adequately supported and thus not clearly erroneous given the court's reliance "on the facts that are set forth in the presentence report and are undisputed."   App. 115.   The presentence report ("PSR") described a conspiracy to commit robbery of a drug dealer for which key participants agreed to procure and use a firearm.   *See*

*United States v. Ware*, 577 F.3d 442, 452 (2d Cir. 2009) ("[A] sentencing court may sometimes satisfy its obligation to make findings by adopting the factual statements in the defendant's presentence report.").

As for its *Studley* obligation, the district court's statements at sentencing relied on the PSR to support its conclusion that "a compelling interference is that Mr. Lopez understood, or at the very least, reasonably foresaw that a weapon would be used." App. 115. The district court did not address the issue of whether a firearm was within the scope of Lopez's criminal agreement, and thus did not appear to satisfy the more particularized factual finding that *Studley* requires when imposing an enhancement for a co-conspirator's conduct. We conclude, however, that Lopez cannot demonstrate plain error affecting his substantial rights because any putative error did not alter the outcome of the sentencing proceeding. The district court noted that its chosen sentence was "consistent with" but not "driven by the guidelines," that it had been of the view all along "that a sentence of five years, four to five years would be appropriate in this case, given this crime," and that the court believed that a lesser sentence "along the lines of what was in the original plea agreement . . . would be woefully inadequate and wrong and unjust" and "would be just wrong regardless of the guidelines." App. 184–85. The record thus indicates "that the district court thought the sentence it chose was appropriate irrespective of the Guidelines range," which obviates any showing "of a reasonable probability of prejudice." *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1346 (2016).

We have considered Appellant's remaining arguments and find them to be unpersuasive.

We hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court