21-3110-cr
*United States v. Morse*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

    *Appellee*,

  v.                                               21-3110-cr

JIMMY L. MORSE,

    *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | CARINA H. SCHOENBERGER, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| For Defendant-Appellant: | LISA A. PEEBLES, Federal Public Defender (Melissa A. Tuohey, Assistant Federal Public Defender, *on the brief*), Office of the Federal Public Defender, Syracuse, NY. |

Appeal from a judgment of the U.S. District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Jimmy L. Morse ("Morse") pleaded guilty to a violation of supervised release, which he had been serving after pleading guilty to and completing a prison sentence for failure to register under the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). On May 27, 2021, the U.S. District Court for the Northern District of New York (Hurd, *J.*) sentenced Morse to 24 months' imprisonment, to be followed by 20 years' supervised release. On December 7, 2021, after a hearing on Morse's motion for reconsideration of the sentence, the district court denied the motion and stated that the May 27, 2021 sentence remained in full force and effect. This timely appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Morse challenges for the first time on appeal the final sentence of Special Condition No. 7 and the entirety of Special Condition No. 8, both of which the district court imposed at the time of sentencing for the violation of supervised release. These two conditions in their entirety provide:

> 7. You shall not use or possess any computer, data storage device, or any internet capable device unless you participate in the Computer and Internet Monitoring Program (CIMP), or unless authorized by the Court or the U.S. Probation Office. If placed in the CIMP, you shall comply with all of the rules of the program and pay the costs associated with the program. The U.S. Probation Office may use and/or install any hardware or software system that is needed to monitor your use of a computer or internet capable device. You shall permit the U.S. Probation Office to conduct periodic, unannounced examinations of any computer equipment, including any data storage device, and internet capable device you use or possess.

2

This equipment may be removed by the U.S. Probation Office or their designee for a more thorough examination. You may be limited to possessing one personal internet capable device to facilitate the U.S. Probation Office's ability to effectively monitor your internet related activities.

8. Your internet use shall be limited and/or restricted under conditions to be set by the U.S. Probation Office in accordance with their Computer and Internet Monitoring Program. Such internet restriction may include a limitation of your daily internet use and/or the ban of certain websites, applications, chat rooms, or other internet activities as determined by the U.S. Probation Office. These determinations will be based upon an evaluation of your risk and needs, along with consideration of the factors outlined in 18 U.S.C. § 3553(a).

Appellant's App. 78.

Where a defendant does not object to conditions of supervised release before the district court, we review only for plain error. *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam). In the sentencing context, we have sometimes applied a relaxed plain error standard if the defendant lacked sufficient notice of the challenged conditions. *Id.* Here, however, because Morse had notice of the proposed conditions of supervised release and had opportunities to object—both at sentencing and at the hearing on his motion for reconsideration—and did not do so, we review the challenged conditions for plain error. To establish plain error, a defendant must show:

(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the defendant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

*United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks, alteration, and citation omitted).

**A. Special Conditions of Supervised Release**

Morse's first argument on appeal is that the challenged conditions are not reasonably related to his offenses or to any of the statutory goals of supervision. A sentencing court

3

may impose special conditions that are reasonably related to "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed to afford adequate deterrence to criminal conduct"; "the need to protect the public from further crimes of the defendant"; and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes.

*United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quoting U.S.S.G. § 5D1.3(b)).

Conditions must also "be consistent with any pertinent policy statements issued by the Sentencing Commission." *United States v. Simmons*, 343 F.3d 72, 80 (2d Cir. 2003). When imposing a special condition,

[a] district court is required to make an individualized assessment . . . and to state on the record the reason for imposing it; the failure to do so is error. In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record.

*Betts*, 886 F.3d at 202 (internal quotation marks and citation omitted).

Here, the challenged conditions are reasonably related to Morse's offense, history, and characteristics. The record reflects that Morse has committed sexual offenses against minors; that he has used the internet to meet women who had minor children; and that he has failed on multiple occasions to comply with requirements intended to prevent him from having unauthorized contact with minors. By potentially limiting Morse's internet activities and, thereby, his access to minors, the challenged conditions are reasonably related to his offense, history, and characteristics. This remains true even though the violations underlying this appeal do not appear to have resulted from Morse's internet use. Furthermore, the district court did not plainly err in concluding that the challenged conditions, by potentially limiting Morse's internet activities, are reasonably necessary to facilitate the protection of the public. This reasoning is self-evident in the record, and to any extent that it is not, the district court explained that "the need to prohibit

4

[Morse] from accessing—from being anywhere near minors is so important." Appellant's App. 70.

## B. Delegation of Power to Impose Conditions of Supervised Release

Morse's second argument is that the challenged conditions impermissibly delegate discretion to the U.S. Probation Office ("Probation Office") because they permit the Probation Office to decide the contours of Morse's ability to use computers and the internet. "The power to impose special conditions of supervised release . . . is vested exclusively in the district court." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). Although "a district court may delegate to a probation officer decisionmaking authority over certain minor details of supervised release," it "may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *Id.*

Here, we discern no plain error in the district court's delegation of discretion to the Probation Office. The district court imposed a restriction on Morse's liberty by limiting his computer use and activities, and it has left to the Probation Office's discretion the execution of the details of this restriction, such as the number of devices Morse may have, his daily internet use, and his access to certain internet activities. *Cf. Degroate*, 940 F.3d at 177 (finding no improper delegation where the district court authorized a curfew and left the Probation Office to decide the curfew's start date and nightly duration). At a minimum, any error is not "clear or obvious" in the context of our past cases. *See, e.g.*, *United States v. Rubel*, 823 F. App'x 1, 8–9 (2d Cir. 2020) (upholding, against a delegation challenge, a special condition that the defendant would refrain from accessing certain websites as determined by a treatment provider); *United States v. Savastio*, 777 F. App'x 4, 5–7 (2d Cir. 2019) (upholding near-identical computer monitoring conditions on plain error review).

5

## C. Due Process and Vagueness

Morse's final argument is that the challenged conditions are unconstitutionally vague. "Due process requires that the conditions of supervised release be sufficiently clear to give [a] person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that [the defendant] may act accordingly." *Simmons*, 343 F.3d at 81 (internal quotation marks and citations omitted). More specifically, the conditions must be "sufficiently clear to inform [the defendant] of what conduct will result in his being returned to prison." *Id.* (internal quotation marks, alterations, and citation omitted).

We discern no plain error arising from vagueness in the challenged conditions. The conditions provide Morse with adequate notice that, if he participates in the Computer and Internet Monitoring Program, he must comply with the limitations set by the Probation Office in its administration of the program. And imposing these conditions did not constitute a "clear or obvious" error in light of our prior cases upholding similar conditions. *See, e.g.*, *Savastio*, 777 F. App'x at 5–7.

\* \* \*

We have considered Morse's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6