22-2894-cr
*United States v. Smith*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of July, two thousand twenty-four.

PRESENT:
>ROBERT D. SACK,
>REENA RAGGI,
>JOSEPH F. BIANCO,
>>*Circuit Judges*.

---

UNITED STATES OF AMERICA,

>*Appellee*,

>v.                                             22-2894-cr

MARK R. MAIO,

>*Defendant*,

BRANDON SMITH,

>*Defendant-Appellant*.

---

FOR APPELLEE:                     TIFFANY H. LEE, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, New York.

FOR DEFENDANT-APPELLANT:          MARTIN J. VOGELBAUM, Federal Public

Defender's Office, Western District of New York, Buffalo, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on October 28, 2022, is **AFFIRMED** in part, and **VACATED** and **REMANDED** in part.

Defendant-Appellant Brandon Smith appeals from the district court's judgment of conviction following his guilty plea to one count of conspiracy to possess with intent to distribute, and to distribute, five grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846. The district court sentenced Smith principally to ninety-eight months' imprisonment, to be followed by four years' supervised release. In so doing, the district court imposed a special condition of supervision requiring that "[t]he defendant shall submit to a search of his person, property, vehicle, place of residence or any other property under his control, and permit confiscation of any evidence or contraband discovered" (the "Search Condition"). App'x at 127. The district court also imposed a special condition of supervision requiring that "[t]he defendant shall notify the Probation Officer of any opiate based pain medication prescribed by a doctor BEFORE the prescription is filled by a pharmacist" (the "Opiate Pain Medication Condition"). App'x at 127. On appeal, Smith challenges the imposition of the Search Condition and the Opiate Pain Medication Condition on both procedural and substantive grounds, arguing,

*inter alia*, that the suspicionless Search Condition violates the Fourth Amendment.[1] We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

We review a district court's imposition of a condition of supervised release for abuse of discretion, "carefully scrutiniz[ing] unusual or severe" conditions, *United States v. Carlineo*, 998 F.3d 533, 536 (2d Cir. 2021), and we review *de novo* the imposition of any conditions that are challenged as a matter of law, *United States v. Birkedahl*, 973 F.3d 49, 53 (2d Cir. 2020). Because Smith did not object to the imposition of the Search Condition or the Opiate Pain Medication Condition before the district court, we review only for plain error. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam). Smith contends that we should apply a "'relaxed' plain error" standard of review. Appellant's Br. at 11–12 (quoting *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015)). We need not address that issue because our analysis would be the same under either standard. Under the plain error standard, we "correct an error not raised at trial only where the [defendant] demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration adopted) (internal quotation marks and citation

---

[1] With respect to the Search Condition, Smith does not contest that the district court was justified in imposing a search condition with respect to his supervised release given that his offense involved the concealment of contraband and he has a history of drug abuse, but rather argues that the district court erred, *inter alia*, in requiring no individualized suspicion for the probation officer to have the authority to conduct any search.

omitted).

With respect to Smith's constitutional challenge to the suspicionless Search Condition, we recently held, in *United States v. Oliveras*, 96 F.4th 298, 313 (2d Cir. 2024), "that the special needs doctrine of the Fourth Amendment permits, when sufficiently supported by the record, the imposition of a special condition of supervised release by the district court that allows the probation officer conducting the supervision to search the defendant's person, property, vehicle, place of residence, or any other property under his control, without any level of suspicion." However, we vacated the special search condition at issue in *Oliveras* because the district court committed procedural error by "fail[ing] to make an individualized assessment to support the imposition of the suspicionless Search Condition as to Oliveras," *id.* at 314, and we remanded "for further consideration of whether it [wa]s necessary to impose the Search Condition in th[at] particular case and, if so, for the district court to explain the individualized basis for imposing the Search Condition," *id.* at 316–17.

Here, as in *Oliveras*, the district court failed to make an individualized assessment in deciding whether to impose the Search Condition or to provide adequate reasons, supported by the record, for us to discern whether the decision to impose that condition was reasonable under 18 U.S.C. § 3583(d). *See United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019) (requiring the district court to "make an individualized assessment when determining whether to impose a special condition of supervised release, and state on the record the reason for imposing it" (alteration adopted) (internal quotation marks and citation omitted)). The government concedes that the lack of an individualized assessment in this case constitutes plain error and suggests that the case be remanded "for the limited purpose of having the district court consider whether it is necessary to

4

impose the search condition in this particular case and, if so, for the district court to explain the individualized basis for imposing the search condition." Fed. R. App. P. 28(j) Letter, ECF No. 68 at 1. We agree.

To be sure, even in the absence of an explanation by the district court, we can uphold a special condition "if the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks and citation omitted). However, it is not self-evident from this record why there was a need for a *suspicionless* Search Condition under the particular circumstances of this case. *See Oliveras*, 96 F.4th at 315 ("[I]t is not difficult to imagine individualized cases where, although a defendant was convicted of a drug offense, the nature of his involvement in that offense, combined with an assessment of the other applicable statutory factors, would not support a finding that such a highly intrusive suspicionless search condition is reasonable."). As we explained in *Oliveras*, "[s]uch conditions may be justified, but they require careful consideration as to the need for such broad discretion to search in each particular case." *Id*. at 316. Accordingly, on remand, the district court must carefully consider whether the suspicionless Search Condition is warranted in this case and explain its reasoning if it reimposes such a condition.

As to the Opiate Pain Medication Condition, Smith states that "[t]he single, narrow issue here is whether the requirement that [he] notify his Probation Officer *before* filling a prescription for an opiate-based medication is more intrusive than necessary to accomplish the legitimate sentencing goals of rehabilitation, deterrence, and protecting the public from future offenses by [him]." Appellant's Reply Br. at 11. Although Smith contends that the district court plainly erred in imposing this condition, we disagree.

5

"District courts possess broad discretion in imposing conditions of supervised release." *Betts*, 886 F.3d at 202. Within this broad discretion, a district court may impose special conditions that "are reasonably related to . . . the nature and circumstances of the offense and the history and characteristics of the defendant," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," "the need to protect the public from further crimes of the defendant," and "the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner," and which "involve no greater deprivation of liberty than is reasonably necessary" for these purposes. U.S.S.G. § 5D1.3(b); *see also United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005).

The record demonstrates that Smith has a history of drug abuse. Moreover, Smith acknowledges that he "sporadically abused multiple legal and illegal substances to quell the pain caused by a rare autoimmune disorder," including a prescribed pain reliever containing an opioid upon which he became dependent. Appellant's Br. at 5. Thus, it is self-evident from the record, especially in light of the nature of the offense and Smith's history of drug abuse, that the Opiate Pain Medication Condition was reasonably related to ensuring that the Probation Officer could properly monitor Smith for any abuse of pain medication while on supervised release. Indeed, he concedes that the Probation Officer "has a legitimate interest in making sure that [he] is only using legitimately prescribed opiates, if any, and that he is using them as prescribed." *Id.* at 38. However, he asserts that his other conditions of supervision—including that he refrain from the unlawful possession or use of controlled substances and that he undergo drug testing and, if indicated, complete substance abuse treatment—were "adequate to ensure that [he] has not fallen back into abusing opiates." *Id.*

In light of Smith's history of substance abuse, we discern no plain error in the district court's determination that the Opiate Pain Medication Condition was reasonably necessary, even with the other conditions of supervision, to ensure that Smith does not abuse opiates, including those prescribed by a doctor. Smith suggests that requiring him to notify the probation officer *before* he fills a prescription is unnecessary and could interfere with his medical treatment (including in an emergency situation). The apparent purpose of that restriction is to allow the Probation Office to have sufficient time to verify that the supervisee's prescription for opiates is lawfully obtained and is for a legitimate medical purpose. A supervisee with an opiate-abuse history is at heightened risk of, *inter alia*, falsifying an opiate prescription, concealing his opiate-abuse history from the prescribing doctor, or engaging in "doctor shopping," *i.e.*, simultaneously obtaining opiate prescriptions from multiple doctors. Thus, the timing of the notification minimizes the potential harm to the supervisee and the public if a supervisee with an opiate-abuse history wrongfully obtains an opiate prescription without legitimate medical purpose and is then able to either abuse or distribute the opiates before the Probation Office is able to prevent that dangerous conduct. Although Smith asserts in conclusory fashion that the restriction's timing could interfere with legitimate medical treatment, that issue was not raised in the district court. Indeed, it is difficult to understand how the restriction could delay legitimate medical treatment because the restriction requires *notification* to, rather than approval by, the Probation Office before the prescription is filled by a pharmacist. In other words, as written, the restriction allows Smith to fill the prescription while the Probation Office conducts whatever verification may be necessary

to reasonably ensure that the prescription is a legitimate one. In short, on this record, Smith has failed to demonstrate that the district court plainly erred in imposing this condition.[2]

*        *        *

We have considered Smith's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, except that we **VACATE** the Search Condition and **REMAND** for further consideration of whether it is necessary to impose the Search Condition in this particular case and, if so, for the district court to explain the individualized basis for imposing the Search Condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] If Smith has evidence—such as a note from his doctor—that this special condition unduly interferes with his medical treatment, he has the ability to present any such evidence to the district court in the first instance and to seek a modification of the special condition pursuant to 18 U.S.C. § 3583(e)(2).