23-7696-cr
*United States v. Dority*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-four.

PRESENT:
        BARRINGTON D. PARKER,
        MARIA ARAÚJO KAHN,
           *Circuit Judges*,
        CAROL BAGLEY AMON,
           *District Judge*.*

—————————————————————————

UNITED STATES OF AMERICA,

        *Appellee*,

     v.                                  23-7696-cr

BRUCE MICHAEL DORITY, AKA PA,

        *Defendant-Appellant*.

—————————————————————————

---

\* Judge Carol Bagley Amon, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:

Melissa A. Tuohey, Office of the Federal Public Defender, Syracuse, NY.

FOR APPELLEE:

Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the November 7, 2023, judgment of revocation of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of revocation on November 7, 2023, is **AFFIRMED IN PART, VACATED IN PART,** and **REMANDED** for further proceedings consistent with this order.

Defendant-Appellant Bruce Michael Dority ("Dority") appeals from the district court's November 7, 2023, judgment revoking his supervised release and sentencing him to a nine-month term of imprisonment as well as a lifetime term of supervised release. On appeal, Dority argues that the district court abused its discretion with respect to four of the special conditions of supervised release it imposed: (1) special condition 9, a blanket ban on adult pornography; (2) special condition 11, authorizing Probation to conduct suspicionless searches of Dority's person, property and digital devices; (3) special condition 13, permitting Probation to limit Dority to one internet-capable device;

2

and (4) special condition 14, an employer approval and offense notification requirement for any employment requiring the use of computers. The government and Dority agree that special conditions 13 and 14 should be vacated and the only conditions that remain in dispute are special conditions 9 and 11.

We affirm the judgment with respect to special conditions 9 and 11 and vacate and remand with respect to special conditions 13 and 14. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

**BACKGROUND**

In 2015, Dority pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A), 2252A(b)(1), and 2256(8)(A), as well as one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2), and 2256(8)(A). He was sentenced principally to 112 months' imprisonment and a lifetime term of supervised release. Dority completed his sentence and commenced his lifetime term of supervised release on August 17, 2022.

Nearly eight months after his release from prison, in April 2023, Probation alleged that Dority violated three conditions of supervised release, specifically terms that proscribed viewing adult pornography, using controlled substances, and possessing unreported internet-capable devices. First, in November 2022, Dority admitted to purchasing an adult pornographic film. Second, on February 28, 2023, Dority admitted

3

to using marijuana after failing a drug test. Third, on April 1, 2023, Dority drove to the Canadian border, where Canadian officials searched his vehicle and found suspected child pornography as well as handwritten terms consonant with those typically used for searching for child pornography on the dark web. The Canadian border incident led Probation to search Dority's apartment, where they seized a cell phone and a digital camera that contained a video of a separate cell phone displaying adult pornography. Dority did not report any of the three aforementioned devices as required by his conditions of supervised release. In November 2023, Dority admitted to the three violations of supervised release stemming from these incidents.

In addition to sentencing Dority to a nine-month term of imprisonment and re-imposing a lifetime term of supervised release, the district court imposed fourteen special conditions of supervised release, some of which had been previously imposed. Dority's counsel stated that she had not received the proposed special conditions in advance. The district court then read each condition aloud and stated the justifications for all special conditions, including the conditions at issue on appeal. Dority's counsel objected to special conditions 9, 11, and 13. The district court responded by providing some additional explanation for special conditions 9 and 13, emphasizing the high-risk connection between Dority's history of viewing both child and adult pornography, and that Dority accessed sexually explicit websites on unreported devices.

For the reasons that follow, we affirm in part the district court's judgment with

4

respect to special conditions 9 and 11 and vacate and remand the judgment with respect to special conditions 13 and 14.

## DISCUSSION

We review the imposition of special conditions of supervised release for abuse of discretion. *See United States v. Oliveras*, 96 F.4th 298, 304 (2d Cir. 2024).[1]

A district court may impose special conditions of supervised release if they are "reasonably related" to the factors listed in U.S.S.G. § 5D1.3(b) and the conditions "involve no greater deprivation of liberty than is reasonably necessary." *United States v. Myers*, 426 F.3d 117, 123–24 (2d Cir. 2005) (alteration adopted) (internal quotation marks omitted). "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). At the same time, "if the district court's reasoning is self-evident in the record," we may affirm the conditions. *United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023) (internal quotation marks omitted).

## I.      Special Condition 9: Total Pornography Ban

Dority argues that the district court abused its discretion in imposing a total

---

[1] Because Dority objected to special conditions 9 and 11, we need not resolve the parties' dispute as to whether Dority was provided notice of the proposed conditions. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam) (when a defendant is not provided notice of the proposed conditions, "a less rigorous plain error review" applies to unobjected-to conditions).

pornography ban because "there was no evidence in the record" to support the court's finding that Dority's viewing of adult pornography creates a risk factor for viewing and accessing child pornography. Appellant Br. 22. We disagree.

Special conditions that entirely proscribe pornography receive heightened scrutiny because they are "unusual and severe conditions." *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019). Accordingly, to impose a total pornography ban, the district court needs to explain and refer to evidence in the record linking the proscription to "a realistic danger," *id.* at 100, or the defendant's "likelihood of recidivism or to another sentencing factor," *id.* at 99.

We conclude that given the unique circumstances here, the district court's imposition of the total pornography ban does not constitute an abuse of discretion. In explaining its decision to impose the ban,[2] the district court specified that Dority lacks impulse control and that he has demonstrated a high risk of recidivism related to watching and accessing child pornography. We agree with the district court that the record indicates that Dority lacks impulse control. Dority violated supervised release—specifically a condition proscribing pornography—within a mere three months of his

---

[2] It is worth emphasizing that the district court made clear that the total pornography ban need not be permanent and may be lifted upon compliance. The district court's recognition of the fluidity of the condition provides further support for affirming the judgment here. *See United States v. Bilyou*, No. 20-3675, 2021 WL 5121135, at *2 (2d Cir. Nov. 4, 2021) (summary order) (affirming a total pornography ban in part because the district court stated the condition was "fluid").

release from prison.  We also agree with the district court that the record reflects Dority's high risk of recidivism related to his child pornography offense.  Dority had a specific interest in "teen pornography," suggesting his sexual interests lay close to the boundary between legal and illegal content.  Presentence Investigation Report ("PSR") ¶ 17. Dority's internet search history reflects the same: he searched phrases such as "Barely Legal Little Girls."  PSR ¶ 20.  Dority stated that he "enjoyed masturbating to father-daughter role playing that he watched 'on TV.'"  PSR ¶ 10.  And when Dority's possessions were searched by Canadian border officials, his phone contained links to "well-known site[s] for child pornography."  App'x 59.

As such, the record amply supports that there is a substantial risk that Dority would be susceptible to obtaining and viewing child pornography should he be granted access to adult pornography.

## II.    Special Condition 11: Suspicionless Searches

Dority next challenges the special condition allowing Probation to conduct searches of Dority's person as well as his physical and electronic property without reasonable suspicion, arguing that the district court's rationale was "too general" given the scale of the condition's infringement upon his Fourth Amendment rights.  Appellant Br. 22.

Defendants have a "diminished expectation of privacy during [their] period of supervision because [they are] convicted person[s] serving a court-imposed term of

7

federal supervised release." *Oliveras*, 96 F.4th at 309 (internal quotation marks omitted). The district court must balance a defendant's Fourth Amendment rights against the government's "substantial" interest in a "proper and effective supervision." *Id.* at 310.

The interest in proper and effective supervision necessitates suspicionless searches here. Although the district court's rationale was brief, it sufficiently explained why the suspicionless search condition is warranted by the record. As stated *supra* Section I, Dority seriously violated the district court and Probation's trust by violating his original special conditions within three months of his release from prison. When Probation searched Dority's apartment after his drive to the Canadian border, they found evidence of internet-capable devices that Dority failed to disclose. Further underscoring the need for suspicionless searches is the fact that Probation would not have discovered the unreported devices but for a rare event: Dority attempting to cross an international border. Probation should not need to rely on the occurrence of an extraordinary circumstance to properly supervise Dority. Given these circumstances, we conclude that the district court conducted the proper individualized consideration to support its imposition of special condition 11.[3] Therefore, the district court did not abuse its discretion in imposing this special condition.

---

[3] Moreover, it bears repeating that a reasonable suspicion requirement may be added to the special condition should Dority regain the court and Probation's trust in the future.

### III. Special Condition 13: One Device Limitation

Both the government and Dority agree that special condition 13, which states Probation *may* limit and enforce a one internet-capable device requirement, constitutes an impermissible delegation of the district court's sentencing authority to Probation. We concur with both parties, vacate the special condition, and remand to the district court for resentencing. *See Kunz*, 68 F.4th at 765–68.

### IV. Special Condition 14: Employer Approval and Offense Notification

Finally, both parties also agree that the district court erred in imposing special condition 14 because it failed to sufficiently explain the connection between Dority's employment and his illegal conduct. Nor is any connection obvious because Dority has been unemployed since 1986 and is receiving Social Security disability benefits. Accordingly, there appears to be scant justification in the record to impose this special condition. We concur with the parties and vacate and remand the special condition for reconsideration by the district court.

*       *       *

For the reasons set forth above, the judgment of the District Court is **AFFRIMED IN PART, VACATED IN PART,** and **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

9