24-108-cr
*United States v. Carrington*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> REENA RAGGI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

———————————————————————————

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                        24-108-cr

ROVIER CARRINGTON,

> *Defendant-Appellant.**

———————————————————————————

———————————————

      * The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

FOR DEFENDANT-APPELLANT:    Marsha R. Taubenhaus, Law
Offices of Marsha R. Taubenhaus,
New York, NY.

FOR APPELLEE:    Thomas S. Burnett, Kevin Mead,
Stephanie Simon, Assistant
United States Attorneys, *for*
Edward Y. Kim, Acting United
States Attorney for the Southern
District of New York, New York,
NY.

Appeal from the January 9, 2024 judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Defendant-Appellant Rovier Carrington ("Carrington") appeals from the district court's judgment sentencing him to, *inter alia*, 48 months' imprisonment, three years' supervised release, and a $10,000 fine following his guilty plea to filing a false declaration before a court, in violation of 18 U.S.C. §§ 1623 and 2. Carrington's conviction stems from his submission of false statements and fabricated evidence in civil litigation he initiated against two entertainment executives alleging they sexually abused and assaulted him.

On appeal, Carrington argues that the district court procedurally and substantively erred in imposing his sentence and in imposing a special condition of supervised release barring new credit charges. We find these arguments unavailing. We

2

assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## DISCUSSION

We review the procedural and substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam) (internal quotation marks omitted).

### I.  Procedural Reasonableness

The district court commits procedural error in handing down a sentence when it "fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020).  Because Carrington did not raise his objections below, "we review his claims for plain error." *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008).

Carrington waived any objection to the district court's reliance on the Judicial Sentencing Information ("JSIN") statistics because he not only failed to object, but also affirmatively relied on the same JSIN statistics to advocate for a lower sentence. *See United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007) ("The law is well established that if, as a tactical matter, a party raises no objection to a purported error, such inaction constitutes a true waiver which will negate even plain error review." (internal quotation

3

marks omitted)). In addition, the district court did not err in describing the nature and circumstances of Carrington's offense as akin to an "extortion scheme" in which Carrington relied on fabricated evidence and "lie[d] over and over and over again to pursue a fraudulent claim" in at least two lawsuits, App'x 89, one of which he filed *after* his guilty plea and days before his initially scheduled sentencing. Nor did the district court plainly err by rejecting Carrington's mitigation arguments based on his alleged medical conditions and childhood physical or sexual abuse. Carrington failed to provide independent corroboration, and the district court was not required to accept his testimony given record evidence of Carrington's long history of lying before the court. In sum, Carrington fails to demonstrate any procedural error, let alone plain error.

## II. Substantive Reasonableness

A sentence is substantively unreasonable when it would "damage the administration of justice" because it is "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Ortiz*, 100 F.4th 112, 122 (2d Cir. 2024). This Court "assesses the length of the sentence imposed in light of the §3553(a) factors," *Verkhoglyad*, 516 F.3d at 127 (alteration adopted and internal quotation marks omitted), and must "take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts," *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). This Court does not "presume that a non-Guidelines sentence is unreasonable, or require extraordinary

4

circumstances to justify a deviation from the Guidelines range." *Id.* (internal quotation marks omitted).

The district court calculated Carrington's Guidelines range as 18 to 24 months' imprisonment, but, consistent with its prior notice to the parties, applied an upward variance. In imposing 48 months of imprisonment, the district court noted that Carrington was in "a league of his own" and that the Guidelines range failed to account for the severity of Carrington having "ginn[ed] up a horrific scandal at someone else's expense" or the lengthy duration of his scheme. App'x at 90, 91. We identify no error in the district court's thoughtful reasoning that multiple unique factors in Carrington's case—causing significant reputational harm to his victims; undermining the seriousness of sexual assault claims brought by true sexual assault victims; repeatedly filing the same fraudulent statements and evidence with multiple courts in violation of several court orders, including mere days before sentencing; and failing to show any remorse—all justified the upward variance.

## III. The Credit Condition

With respect to the special condition of supervised release barring Carrington from opening new lines of credit without approval from Probation, the Guidelines expressly recommend such a condition when the district court imposes a fine. *See* U.S.S.G. § 5D1.3(d)(2). Where, as here, a defendant fails to object to special conditions of supervised release contemporaneously, "we review only for plain error." *United States v.*

5

*Green*, 618 F.3d 120, 122 (2d Cir. 2010) (per curiam).  We have previously held that conditions expressly recommended by the Guidelines are "necessary to the administration of supervised release" and thus "presumed suitable in all cases." *United States v. Sims*, 92 F.4th 115, 119 n.1 (2d Cir. 2024) (internal quotation marks omitted).  We therefore hold that the imposition of the condition was not error, let alone plain error.

\*    \*    \*

We have considered Carrington's remaining arguments and conclude they are without merit.[1]  For the reasons set forth above, the judgment of the District Court is **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Notably, Carrington's challenge to the $10,000 fine is barred by the appeal waiver in Carrington's plea agreement and therefore dismissed.  And, because we affirm the judgment below, we need not address Carrington's arguments about reassignment on remand.