*United States v. Joyner*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of December, two thousand twenty-five.

PRESENT:
>    DENNY CHIN,
>    RICHARD J. SULLIVAN,
>    ALISON J. NATHAN,
>        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>        *Appellee*,

>    v.                                                      No. 24-1806

HOOVER JOYNER,

>        *Defendant-Appellant*.

---

**For Appellee:**
KAIYA ARROYO (Stephanie Simon *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY.

**For Defendant-Appellant:**
JEREMIAH DONOVAN, Old Saybrook, CT.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 21, 2024 judgment of the district court is **AFFIRMED**.

Hoover Joyner appeals from a judgment of conviction following a guilty plea to one count of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g), for which he received a sentence of seventy months' imprisonment, to be followed by three years' supervised release. On appeal, Joyner challenges only the condition of his supervised release requiring that he "not associate with or interact in any way, including through social media websites, with any gang members or associates, particularly members and associates of any Bloods gang, or frequent neighborhoods (or 'turf') known to be controlled by any Bloods gang." App'x at 89 (the "non-association condition"). We assume the parties' familiarity with the

underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision below.

"Our caselaw is clear that a district court retains wide latitude in imposing conditions of supervised release." *United States v. Lewis*, 125 F.4th 69, 75 (2d Cir. 2025) (alterations adopted, internal quotation marks and citation omitted). Nevertheless, "[d]ue process requires that conditions of supervised release be sufficiently clear to inform [the defendant] of what conduct will result in his being returned to prison." *United States v. MacMillen*, 544 F.3d 71, 76 (2d Cir. 2008) (internal quotation marks omitted). "A condition of supervised release is unconstitutional if it is so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application." *Id.* (internal quotation marks omitted). At the same time, we have made clear that due process does not require district courts to cast "conditions of supervised release . . . in letters six feet high, or describe every possible permutation, or spell out every last, self-evident detail." *Id.* (alterations adopted and internal quotation marks omitted).

"We generally review the imposition of conditions of supervised release for abuse of discretion." *United States v. Arguedas*, 134 F.4th 54, 68 (2d Cir. 2025)

3

(internal quotation marks omitted). But where the defendant "does not object to the condition[]" despite having had an opportunity to do so, we review for plain error. *Id.* To establish plain error, "an appellant must demonstrate that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). And we have warned that "reversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted).

In this case, Joyner did not object to the non-association condition, even though the condition was both listed in his presentence report ("PSR") and orally pronounced at his sentencing. And Joyner concedes that, because he had notice that the non-association condition would be imposed and failed to object, "traditional plain-error review applies." *Lewis*, 125 F.4th at 75. Applying that standard here, we conclude that Joyner has failed to carry his heavy burden of

4

establishing that the district court committed a "clear or obvious" error in imposing the non-association condition. *Arguedas*, 134 F.4th at 68.

We have previously upheld a special condition of supervised release that prohibited a supervisee's association with a "criminal street gang." *United States v. Green*, 618 F.3d 120, 123 (2d Cir. 2010); *see also, e.g., United States v. Acosta,* No. 24-965, 2025 WL 1872833, at *3 (2d Cir. July 8, 2025), *cert. denied*, No. 25-5717, 2025 WL 3131947 (U.S. Nov. 10, 2025). In *Green*, we explained that non-association conditions are constitutionally valid if they are sufficiently clear to "permit [the supervisee] to comply with" them. 618 F.3d at 123. We noted that district courts can help provide such clarity by "us[ing] an example of a particular gang the [supervisee is] to avoid," or "limit[ing] association [only] with gang members *known to* the probationer, and exclud[ing] incidental contacts." *Id.* (internal quotation marks omitted).

Here, as in *Green*, the district court cabined the definition of a "gang" by stating that Joyner was to avoid the "Bloods" gang and "neighborhoods . . . known to be controlled by any Bloods gang." App'x at 89. Furthermore, our caselaw is clear that a non-association condition like the one imposed here "only limits association with gang members *known to* the probationer, and excludes incidental

5

contacts." *Green*, 618 F.3d at 123. Accordingly, it cannot be said that this definition is "so vague" that a person of "common intelligence must necessarily guess at its meaning and differ as to its application." *MacMillen*, 544 F.3d at 76.

Joyner argues that while the term "criminal street gang" is a statutorily-defined term under 18 U.S.C. § 521(a), the term used by the district court here – "gang" – is not. But "we have never held that a term is impermissibly vague simply because it lacks a statutory definition." *United States v. Marshall*, 808 F. App'x 11, 12–13 (2d Cir. 2020) (upholding a supervised release condition "not to associate with any member, associate[,] or prospect of any criminal gang, club[,] or organization" (internal quotation marks omitted)). Indeed, we have upheld a special condition of supervised release that simply prohibited associating with "any individual with an affiliation to any . . . gangs." *United States v. Rakhmatov*, No. 21-151, 2022 WL 16984536, at *3 & n.1 (2d Cir. Nov. 17, 2022) (internal quotation marks omitted); *see also Acosta*, 2025 WL 1872833, at *3; *United States v. Jones*, No. 22-265, 2025 WL 3455750, at *2 (2d Cir. Dec. 2, 2025). And we typically will not find plain error where "there is no binding precedent from the Supreme

6

Court or this Court" to the contrary. *United States v. Whab*, 355 F.3d 155, 158 (2d Cir. 2004) (internal quotation marks omitted).[1]

Joyner also argues that the district court plainly erred by not conducting an individualized assessment before imposing the non-association condition. But while it is true that a "district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it," "we may uphold the condition imposed" in the absence of such an explanation "if the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks omitted).

Here, the district court's reasoning is patently obvious from the record. Joyner reported that as a child he "regularly witnessed crimes, gang violence, and substance use in his neighborhood," which led him to join the Bloods street gang. PSR at 23; App'x at 61. He did not dispute that he was affiliated with the Bloods.

---

[1] Joyner also argues that the non-association condition is insufficiently tailored and impermissibly delegates sentencing authority to the Probation Office. Because he bases these challenges entirely on the contention that the non-association condition is unconstitutionally vague, they necessarily fail, as well. In any event, the condition—which we read to prohibit only *knowing* association—is narrowly tailored given Joyner's history of gang affiliation, *cf. Green*, 618 F.3d at 123, and it delegates no authority whatsoever to the Probation Office.

7

PSR at 23; App'x at 138. There is also evidence that Joyner's association with the Bloods contributed to the crime of conviction, as he emphasized how associating with the wrong crowd contributed to his "choices . . . to engage in criminal behavior." App'x at 61-62 (quoting PSR at 23)). And Joyner received two disciplinary sanctions while in prison related to gang activity. PSR at 8–9. Based on the record below, we conclude that the reasons for imposing the non-association condition were self-evident in the record and that the district court did not err, much less plainly err, in imposing that condition.

\*       \*       \*

We have considered Joyner's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8